**NOT FOR PUBLICATION**



**FILED**

UNITED STATES COURT OF APPEALS

OCT 17 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YU FAN HE,<br><br>     Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>     Respondent. | No. 22-1648<br><br>Agency No.<br>A215-825-343<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2024[**]
Honolulu, Hawaii

Before: MURGUIA, Chief Judge, and GRABER and MENDOZA, Circuit Judges.

 Yu Fan He, a native and citizen of the People's Republic of China, petitions

for review of a decision by the Board of Immigration Appeals ("BIA") affirming

an immigration judge's ("IJ") (collectively, the "agency") denial of his application

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition. "Our review is limited to the BIA's decision except where the IJ's opinion is expressly adopted." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We review the agency's factual findings for substantial evidence, and we review questions of law de novo. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021).

1.    **Adverse Credibility Determination.** Substantial evidence supports the agency's adverse credibility finding. We uphold an adverse credibility determination unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam). Accordingly, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (citation omitted). The agency provided "specific and cogent reasons" for its adverse credibility determination. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (citation omitted); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). Mr. He's misrepresentation of his father's residence in his visa applications, his inconsistency as to whether he received assistance in preparing his visa applications, and the implausibility of his testimony about his mother and

grandmother's practice of Christianity support the IJ's finding that Mr. He was not credible. *See Li v. Garland*, 13 F.4th 954, 961 (9th Cir. 2021) (explaining that false information "is an appropriate factor to consider" in credibility determinations); *Lalayan v. Garland*, 4 F.4th 822, 837 (9th Cir. 2021) ("Factual findings, including implausibility findings, 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" (citation omitted)).

2. **Corroborative Evidence.** Substantial evidence supports the agency's finding that Mr. He's corroborative evidence was insufficient to rehabilitate his testimony or independently satisfy his burden of proof. Mr. He asserts that a letter from his pastor in Hawaii (which incorrectly stated Mr. He's name) and a letter from a church attendee in China are sufficient and that the IJ improperly conflated adverse credibility and a lack of corroboration. In doing so, Mr. He assumes that the notice-and-opportunity requirement applies, but that requirement applies only when the applicant's testimony is "otherwise credible." *Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016). Because substantial evidence supports the agency's adverse credibility finding and the finding that Mr. He's corroborative evidence was insufficient, we need not address the notice requirement and instead "defer to the [agency's] adverse credibility determination." *Id.*

Even if the IJ erred in some small respects, we consider the "totality of the circumstances" when reviewing an adverse credibility determination, *Alam v.*

*Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), and we conclude that substantial evidence supports the agency's determination.

The temporary stay of removal shall remain in place until the mandate issues.

**Petition DENIED.**